**Electronically Filed**
**Intermediate Court of Appeals**
**30522**
**25-OCT-2013**
**10:53 AM**

NO. 30522

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MINA LEE VOCKROTH, Plaintiff-Appellee, v.
GRAHAM BYRON VOCKROTH, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 07-1-3746)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Graham Byron Vockroth (Husband)
appeals from the March 9, 2010 Decree Granting Absolute Divorce
entered by the Family Court of the First Circuit (Family Court).[1]

Husband raises two points of error on appeal.[2] He
first argues that the Family Court erred when it denied his
"request for an automatic stay and continuance of the trial set
for the week of January 18, 2010 based on the Servicemembers'

---

[1] The Honorable Paul T. Murakami presided.

[2] Husband's Opening Brief does not comply with the requirements of
Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in that it lacks, *inter
alia*, a subject index, consistent references to the record for his statements
of fact and points of error and quotations of the contested findings or
conclusions of the trial court. Counsel is warned that future violations of
the rules may result in sanctions. HRAP Rule 51.

We also note that the copies of Husband's Opening Brief provided
to this court appear "cut off" at page 13 and thus incomplete.

Civil Relief Act" (SCRA)[3]. Second, Husband argues that the Family Court improperly relied upon section 601 of the superceded Soldiers' and Sailors' Civil Relief Act (SSCRA) that was offered by Plaintiff-Appellee Mina Lee Vockroth's (Wife) counsel as the justification for denying the request for automatic stay.

After careful consideration of the issues raised, the arguments presented by the parties, the record, and the applicable authority, we resolve Husband's appeal as follows.

The Family Court erred when it denied Husband's request for a stay. The provisions of the SCRA should be liberally construed in favor of the servicemember. See Boone v. Lightner, 319 U.S. 561, 575 (1943); see also H. R. Rep. No. 108-81, at 2

---

[3]  50 App. U.S.C. § 522 (2008) provides:

(a) Applicability of section

This section applies to any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing an application under this section--

   (1) is in military service or is within 90 days after termination of or release from military service; and

   (2) has received notice of the action or proceeding.

(b) Stay of proceedings

   (1) Authority for stay. At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

   (2) Conditions for stay. An application for a stay under paragraph (1) shall include the following:

      (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

      (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

(2003), reprinted in 2004 U.S.C.C.A.N. 2367 ("The purposes of this Act are . . . to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers[.]"). While not a model of clarity, Husband provided his own affidavit and letter from his commanding officer which, taken together, substantially satisfied the requirements of 50 App. U.S.C. § 522(b). The commanding officer's letter stated that Husband was serving in active military service under his command; was an instructor who was conducting "overlapping courses" where there was "minimal instructor manning;" was a "key member" without whom "the unit will not be able to accomplish its mission;" and that he would be able to release Husband during the month of March to travel to Hawai'i. Therefore, under the terms of the statute, Husband was entitled to a ninety-day stay.

Husband also argues that the Family Court erred by relying on the "inappropriate use" provision of superceeded SSCRA section 601. We note that this provision was reenacted in the SCRA as section 581. 50 App. U.S.C. § 581 (2003).[4] However, having said this, it appears that the current provision does not apply to this case. The "inappropriate use" contemplated by section 581 is where the court determines the servicemember has transferred or acquired any property or contract interest for the purpose of invoking the protections of the Act. The Family Court has made no such finding.

Wife argues that Husband's conduct, in violating the Family Court's orders to suspend his pursuit of a divorce in Alabama and her concerns that Husband would use the time granted in a stay to dispose of marital assets justified the denial of

---

[4]     § 581.   Inappropriate use of Act.

        If a court determines, in any proceeding to enforce a civil
        right, that any interest, property, or contract has been
        transferred or acquired with the intent to delay the just
        enforcement of such right by taking advantage of this Act
        [sections 501 to 515 and 516 to 597b of this Appendix], the
        court shall enter such judgment or make such order as might
        lawfully be entered or made concerning such transfer or
        acquisition.

the stay.  However, the SCRA does not include this basis as an "inappropriate use" or otherwise provide an exception to the application of the Act for these reasons.  Therefore, we conclude that there was no "bad faith" basis for denying the stay.

Therefore, the Family Court of the First Circuit's March 9, 2010 Decree Granting Absolute Divorce is vacated and this case is remanded for a new trial.

DATED:  Honolulu, Hawai'i, October 25, 2013.

On the briefs:

Christopher D. Thomas,
for Defendant-Appellant.

Thomas D. Farrell,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge